UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,        **MEMORANDUM OPINION AND ORDER**

v.        Crim. No. 03-78 ADM/AJB

Howard Eugene Liner,

        Defendant.

___

John R. Marti, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

Howard Eugene Liner, *pro se*.

___

## I. INTRODUCTION

This matter is before the Court on Howard Eugene Liner's ("Liner" or "Defendant") Motion for a New Trial [Docket No. 122]. For the reasons set forth herein, Defendant's Motion is denied.

## II. BACKGROUND

On September 16, 2003, Liner was found guilty by a jury verdict of one count of making a false statement in violation of 18 U.S.C. § 1001, seventeen counts of wire fraud in violation of 18 U.S.C. § 1343, and one count of money laundering in violation of 18 U.S.C. § 1957 & 2. Judgment [Docket No. 102]. Liner was sentenced to 135 months in prison, three years of supervised release, and ordered to pay $1,625,666.67 in restitution. Id. His convictions were upheld on direct appeal to the Eighth Circuit and certiorari has been denied by the United States Supreme Court. United States v. Liner, 435 F.3d 920 (8th Cir. 2006), cert. denied, 126 S. Ct. 1673 (2006). On July 3, 2006, Liner filed the instant Motion, and asks for relief based on alleged court errors, prosecutorial misconduct, ineffective assistance of counsel, and newly

discovered evidence.

### III. DISCUSSION

Rule 33(a) of the Federal Rules of Criminal Procedure allows the court, upon a defendant's motion, to vacate a judgment and grant the defendant a new trial "if the interest of justice so requires." If the motion is based on newly discovered evidence, the defendant must file his motion within 3 years after the verdict or a finding of guilty. Fed. R. Crim. Pro. 33(b)(1). If the motion is based on any reason other than newly discovered evidence, the defendant must file the motion "within 7 days after the verdict or finding of guilty, or within such further time as the court sets during the 7-day period." Fed. R. Crim. Pro. 33(b)(2).

The majority of Liner's lengthy Motion is not cognizable by the Court, as it raises issues other than newly discovered evidence outside of the seven day post-verdict time period. In fact, nearly three years have passed since Defendant was found guilty. For example, Defendant alleges numerous Court errors, including: (1) the Court enhanced Defendant's sentence in violation of United States v. Booker, 543 U.S. 220 (2005); (2) the Court denied a bill of particulars, which prevented Defendant's access to funds and the ability to have the counsel of his choosing; (3) the Court improperly allowed the expert testimony of Herbert Biern; (4) the Court erroneously denied Defendant's motion to dismiss information outside the scope of the search warrant; and (5) the Court erroneously denied Defendant's request for letters rogatory, which violated his right to a fair trial.[1]

Defendant also alleges prosecutorial misconduct, including: (1) the prosecutor used

---

[1] Alleged court errors numbers 1, 3, and 5 referenced above were raised by Defendant on direct appeal. United States v. Liner, 435 F.3d 920 (8th Cir. 2006). The Court's trial rulings were affirmed.

perjured testimony to convict Defendant; (2) the prosecutor withheld beneficial information from Defendant, Brady v. Maryland, 373 U.S. 83 (1963); (3) the prosecutor conspired with others to prevent Defendant's access to funds and the ability to hire the counsel of his choosing; and (4) government witness Drew Helms conducted a negligent investigation.  In addition, Defendant alleges his attorney provided ineffective assistance of counsel by, among other things, failing to call witnesses, present exhibits, cross-examine witnesses, and present a defense.

All of Defendant's above referenced claims are untimely in a motion for a new trial. Because Rule 33's time limitations are jurisdictional, the Court is without jurisdiction to consider Defendant's Motion with respect to all claims based on issues other than newly discovered evidence.  United States v. Beran, 546 F.2d 1316, 1319 n.1 (8th Cir. 1976); see also United States v. Graham, 97 F.3d 1145, 1147 (8th Cir. 1996).

Defendant's Motion for a New Trial based on newly discovered evidence, however, is timely because it was filed within three years after Defendant was found guilty.  For the Court to grant a new trial on the basis of newly discovered evidence, Defendant must satisfy five elements: (1) the evidence must have been discovered after the trial; (2) the failure to discover must not be attributable to a lack of due diligence on the part of the movant; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be likely to produce an acquittal if a new trial is granted.  United States v. Dittrich, 204 F.3d 819, 821 (8th Cir. 2000).

Defendant's claims of newly discovered evidence relate to other lawsuits involving Christopher Patrick Heron, Larry Ewers, and Gabriel MacEnroe.  Defendant alleges that these lawsuits support his claim that he was defrauded of a substantial sum of money and was

therefore unable to repay investors that he defrauded in the instant case.  Defendant alleges that the government had this information prior to trial but "did not disclose to court and jury." Liner's Mem. ¶ 15B.

Defendant's claims of newly discovered evidence must fail because Defendant can not establish that the "newly discovered evidence" was discovered <u>after</u> trial.  <u>See</u> Def.'s Mem. ¶¶ 15D, 15E, 16, 16a, 27-28, 38-40, 42, 44, 48.  In fact, Defendant states throughout his Motion that he knew of the other litigation and had access to various litigation documents before and during his trial.  <u>Id.</u>  In addition, Defendant has not established that this evidence is material, or would likely result in an acquittal in a new trial.  While Defendant has submitted numerous exhibits to establish that this other litigation exists, Defendant has not submitted any evidence to show that he ever invested the Minnesota investors' money overseas.  As a result, Defendant's money that was allegedly stolen in Switzerland does not appear to have any connection to the investors' money that was lost by Defendant in this case.  Defendant's Motion is denied.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion for a New Trial [Docket No. 122] is **DENIED**.

BY THE COURT:


     s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  July 28, 2006.