UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

           Plaintiff,

v.

Howard Eugene Liner,

           Defendant.

MEMORANDUM OPINION
AND ORDER
Criminal No. 03-78 ADM/AJB
Civil No. 06-4033 ADM

_____

John R. Marti, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

Howard Eugene Liner, *pro se*.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge on Defendant Howard Eugene Liner's ("Defendant") Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 ("Motion") [Docket[1] No. 133], and Ammended [sic] 28 U.S.C. § 2255 Motion ("Amended Motion") [Docket No. 136]. For the reasons set forth below, Defendant's Motions are denied.

## II. BACKGROUND

On September 16, 2003, Defendant was found guilty by a jury verdict of one count of making a false statement in violation of 18 U.S.C. § 1001, seventeen counts of wire fraud in violation of 18 U.S.C. § 1343, and one count of money laundering in violation of 18 U.S.C. § 1957 & 2. Judgment [Docket No. 102]. Defendant's sentence was 135 months in prison, three years of supervised release, and $1,625,666.67 in restitution. Id. Defendant appealed to the

---

[1] All docket references are to Criminal No. 03-78.

Eighth Circuit. United States v. Liner, 435 F.3d 920 (8th Cir. 2006). Defendant alleged as error the denial of letters rogatory, the admission of the expert testimony of Herbert Biern, insufficient evidence supporting his conviction, the application of mandatory sentencing guidelines in light of United States v. Booker, 543 U.S. 220 (2005), and the order of restitution to victims not specified in the indictment. Id. at 924-26. The Eighth Circuit affirmed his conviction and sentence. Id. at 926. The United States Supreme Court denied certiorari. United States v. Liner, 126 S. Ct. 1673 (2006). On July 3, 2006, Defendant filed a Motion for a New Trial [Docket No. 122], alleging various errors among which only the claim of newly discovered evidence was timely. Mem. Op. & Order [Docket No. 126] at 2-3. The Court denied the Motion for a New Trial and Defendant's subsequent Motion for Reconsideration [Docket Nos. 127 & 131].

Defendant's instant Motions raise numerous grounds for relief. Defendant alleges prosecutorial misconduct; perjury of a government witness; insufficient evidence to support his conviction; Booker error in sentencing; error in admitting Biern's testimony, denying Defendant's motion to suppress evidence, and denying Defendant's request for letters rogatory; ineffective assistance of counsel; and newly discovered evidence.

### III. DISCUSSION

28 U.S.C. § 2255 provides persons in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of the sentence prescribed by the court. See United States v. Addonizio, 442 U.S. 178, 185 (1979). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). If

an issue has been resolved on direct appeal, Defendant cannot raise it in a § 2255 motion unless he can show a change in the law or newly discovered evidence.  See English v. United States, 998 F.2d 609, 612-13 (8th Cir. 1993).  If an appealable issue has not been raised on direct appeal, Defendant must show both cause for his failure to raise it and that the error resulted in actual prejudice.  Reid v. United States, 976 F.2d 446, 447-48 (8th Cir. 1992) (citing United States v. Frady, 456 U.S. 152, 168 (1982)).

Several of Defendant's claims were resolved on direct appeal and thus cannot now be considered by this Court, as Defendant alleges no change in law.  His claims of newly discovered evidence fail for the reasons described in the Order denying his Motion for a New Trial.  Mem. Op. & Order at 3-4.  This Court's denial of letters rogatory and admission of Biern's testimony, the alleged insufficiency of the evidence with respect to both the testimony of FBI agent Helms and Defendant's intent to commit wire fraud, and Defendant's sentence were all addressed and rejected by the Eighth Circuit in Defendant's direct appeal.

Most of Defendant's other claims—this Court's denial of his motion to suppress evidence, prosecutorial misconduct, and perjury of a government witness—are procedurally barred, because he does not show either cause or prejudice justifying collateral attack.  Defendant makes no mention of his failure to raise these claims on direct appeal.  Moreover, there is no evidence that but for any of these alleged errors, Defendant would have been acquitted.  The Eighth Circuit has characterized the government's evidence against Defendant at trial as strong.  Liner, 435 at 924.

Defendant's prosecutorial misconduct argument fails on the merits in addition to being procedurally barred.  Defendant's argument that the FBI with proper investigation would have

discovered information to exonerate him is both unsupported and, even if true, irrelevant. Defendant could have presented that information at trial. Defendant's claim that Helms's testimony was perjured is likewise unsupported. Indeed, Defendant relied on Helms's testimony on appeal to support his unsuccessful insufficient evidence claim, yet he apparently did not raise the perjury issue at that time, a fact which highlights both the procedural bar and the tenuousness of Defendant's claims. See Liner, 435 F.3d at 925.

Defendant's remaining claim, ineffective assistance of counsel, is appropriately raised in a § 2255 motion. United States v. Payton, 168 F.3d 1103, 1105 n.2 (8th Cir. 1999). It fails, however, because it is unsupported. "To establish ineffective assistance of counsel [Defendant] must demonstrate: (1) his attorney's performance was deficient and fell outside the range of reasonable professional assistance; and (2) he suffered prejudice by showing that, absent counsel's ineffective assistance, there is a reasonable probability that the result of the proceeding would have been different." United States v. Taylor, 258 F.3d 815, 818 (8th Cir. 2001); see Strickland v. Washington, 466 U.S. 668, 687 (1984). Defendant must overcome a "strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." Taylor, 258 F.3d at 818 (citing Strickland, 466 U.S. at 689). Defendant provides no evidence to defeat this presumption. His catalog of his attorney's alleged errors fails to illustrate how these errors fell below the standard of professional conduct. Defendant fails to establish that the defense he wanted his counsel to mount was supported by legitimate evidence or by law. Moreover, he cannot show that even had defense counsel made every strategic decision in accordance with Defendant's preferences, Defendant would have prevailed at trial.

On December 4, 2006, Defendant filed an Amended § 2255 Motion. As an initial matter, Defendant's Amended Motion does not comply with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 15(a). Even if it did, the result would not change. The Court has reviewed the Amended Motion and finds it to be largely identical to the original. The only new issue Defendant appears to raise is this Court's denial of his request to subpoena Mark Mathews, which Defendant did not contest on direct appeal. This argument is procedurally barred for the reasons discussed above.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Vacate, Set Aside, or Correct Sentence [Docket No. 133] is **DENIED**; and

2. Defendant's Ammended [sic] 28 U.S.C. § 2255 Motion [Docket No. 136] is **DENIED**.

BY THE COURT:

      s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: December 7, 2006.